UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MNW, LLC,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     v. ) | CAUSE NO. 1:08-CV-119 |
| ) | |
| **MEGA AUTO GROUP, INC., et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

**OPINION AND ORDER**

The Plaintiff filed its Complaint on May 6, 2008, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Docket # 1.)  The Plaintiff states in its Complaint that Plaintiff MNW, LLC ("MMW") "is a limited liability company organized under the laws of the State of Indiana."  (Compl. ¶ 1.)  It further states that Defendants Mega Auto Group, Inc, and Perfect Auto Sales, Inc., are corporations "organized under the laws of the state of New York."  (Compl. ¶¶ 3, 4.)  The Plaintiff provides no such information with respect to Defendants Flash Auto Group, Inc., and VIP Motor Group, LLC.

The Plaintiff's Complaint is inadequate.  For purposes of diversity jurisdiction, "citizenship is what matters."[1]  *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332.  In this instance, the Plaintiffs did not properly advise the Court of each party's citizenship.

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

As to Plaintiff MNW, LLC, and Defendant VIP Motor Group, LLC, a limited liability company's citizenship "for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of each LLC to ensure that none of the members of the Plaintiff LLC share a common citizenship with the Defendants. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of each LLC who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

As to Defendants Mega Auto Group, Inc; Perfect Auto Sales, Inc; and Flash Auto Group, Inc., corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Thus, the Court must be apprised of both facts with respect to these defendants.

Therefore, the Plaintiff is ORDERED to file an amended complaint forthwith that fully discloses the citizenship of each party, tracing the citizenship of all unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 7th day of May, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

2