UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MNW, LLC, an Indiana Limited Liability Company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO.: 1:08-CV-119-TLS ) |
| MEGA AUTO GROUP, INC., a New York Corporation, *et al.*, | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Relief from Entry of Default [ECF No. 161], filed by Defendant/Cross-Defendant Flash Auto Group, Inc. (Defendant Flash), on May 4, 2011, and a Request for a Hearing on Defendant Flash's Motion for Relief from Entry of Default [ECF No. 164], filed by the Plaintiff, MNW, LLC (Plaintiff MNW), on May 19, 2011.

**PROCEDURAL BACKGROUND**

On May 6, 2008, Plaintiff MNW filed a Complaint for Damages and for Declaratory Judgment [ECF No. 1] against Mega Auto Group, Inc., Perfect Auto Sales, Inc., Mark Shulman, Flash Auto Group, Inc., and VIP Motor Group, LLC, and on May 9, it filed an Amended Complaint for Damages and for Declaratory Judgment [ECF No. 7]. Various Defendants then filed Answers, Counterclaims, and Crossclaims [ECF Nos. 9, 16, 17, 27, 28, 49, & 50], and Plaintiff MNW then filed Answers [ECF Nos. 30, 32, 51, & 52] to the counterclaims. On November 24, Defendant Flash filed an Answer to Crossclaim of Defendant Perfect Auto Sales, Inc. [ECF No. 43] and an Answer, Affirmative Defenses and Counterclaim [ECF No. 44], and on December 29,

Plaintiff MNW filed an Answer to Counterclaim of Defendant/Counter-Plaintiff Flash Auto Group, Inc. [ECF No. 47] .

On December 15, 2009, Plaintiff MNW filed a Motion for Summary Judgment [ECF No. 85]. On January 15, 2010, Defendants Mega Auto Group, Inc. and VIP Motor Group, LLC filed a Brief in Opposition to MNW, LLC's Motion for Summary Judgment and in Support of VIP Motor Group, LLC's Cross-Motion for Summary Judgment [ECF No. 90], and Defendant Flash filed a Cross Motion for Summary Judgment and Response to MNW, LLC's Motion for Summary Judgment [ECF No. 91]. On July 21, Judge Lozano issued an Opinion and Order [ECF No. 133], denying the Motions for Summary Judgment, except as to Defendant Flash's claim for specific performance and Defendant Mega Auto Group's counterclaim for conversion, and summary judgment was granted in favor of Plaintiff MNW on those two counts. Judge Lozano observed that "[t]he allegations of the parties to this litigation are in conflict in many material respects, and in many instances, the allegations are simply too far fetched to be believed. Summary judgment is not an appropriate vehicle by which to make credibility determinations, and that is precisely what is necessary in this case." (Op. & Order 40, July 21, 2010.) A bench trial was scheduled to begin on November 29, and Judge Lozano conducted a final pretrial conference on November 18, at which Plaintiff MNW orally moved to continue the bench trial due to its objection regarding Defendant Mega Auto Group's representation. The Court granted Plaintiff MNW's continuance motion, and the bench trial was reset for June 13, 2011.

On February 11, 2011, counsel for Defendant Flash filed a Request for Leave to Withdraw Appearance [ECF No. 153], which the Court granted by an Order issued on March 1. The Order states that Defendant Flash "shall have thirty (30) days to obtain new counsel." (Mar. 1, 2011,

2

Order 2, ECF No. 154.) On April 14, Plaintiff MNW filed a Request for Entry of Default [ECF No. 155] because no successor counsel had appeared on behalf of Defendant Flash. On April 15, the Clerk entered Default [ECF No. 157] pursuant to Federal Rule of Civil Procedure 55(a). On May 4, successor counsel for Defendant Flash filed Notices of Appearance [ECF No. 158, 159, & 160]. On the same date, Defendant Flash also filed a Motion for Relief from Entry of Default [ECF No. 161], which is accompanied by an Affidavit of Konstantin Pshenichniy [ECF No. 161-1 at 1–3] and an Affidavit of Michael Lykov [ECF No. 161-1 at 4–6]. On May 11, Plaintiff MNW filed a Response and Objection [ECF No. 162], which is accompanied by a copy of a January 25, 2011, letter sent by Defendant Flash's earlier counsel that provided notice of his law firm's withdrawal of representation and stated that the Defendant should have sufficient time to secure new counsel and maintain the trial date. On May 18, Defendant Flash filed a Reply [ECF No. 163]. On May 19, Plaintiff MNW filed a Request for a Hearing on Defendant Flash's Motion for Relief from Entry of Default [ECF No. 164].

On June 3, the Court vacated the June 13, 2011, bench trial setting. On June 20, the parties filed a Joint Motion to Reassign Case [ECF No. 177], requesting that this case be reassigned to the Undersigned so that the case may proceed to trial in the division of this Court where this lawsuit was filed. On June 27, Judge Lozano issued an Order granting the Joint Motion, and this case has now been reassigned.

**DISCUSSION**

Federal Rule of Civil Procedure 55(c) states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." A party seeking to

vacate an entry of default before final judgment has been entered must make the following showing: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (quotation marks and citations omitted). Additionally, there is a policy in the Seventh Circuit "favoring trial on the merits over default judgment." *Id.* at 631; *see also Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007).

As to the "good cause" factor, Defendant Flash argues that its earlier counsel notified it of the deadline for new counsel to appear one day before that deadline passed and that, prior to the default entry, it was unaware of the consequences of failing to retain new counsel. In support of their argument, Defendant Flash has submitted affidavits of its president and its business manager who state that they did not see Judge Lozano's March 1, 2011, Order until after the thirty-day deadline passed and that the only notice of a deadline they received is a March 30, 2011, email message from Defendant Flash's earlier counsel providing a courtesy reminder regarding a March 31 deadline to retain new counsel. The affidavits also state that the president and the business manager did not receive notice of Plaintiff MNW's Request for Entry of Default until some point during the week of April 18, 2011, that they did not receive notice of the default entry until the week of April 25, 2011, and that after they received notice of the default entry, they traveled from New York to Indiana personally to meet with and retain counsel. As to the "quick action" factor, Defendant Flash states that, within a week of the date when it learned of the default entry, the president and the business manager traveled to Indiana to meet with and retain new counsel. As to the "meritorious defense" factor, Defendant Flash contends that it has a meritorious defense to the Amended Complaint in that it is prepared to demonstrate at trial that it is entitled to return of the

4

funds identified in Count II and that it is entitled to judgment in its favor on Counts I, II, and IV of its counterclaim. Defendant Flash adds that the Court has already denied summary judgment and that the Court in its ruling suggested that the pending counts can only be resolved by determining witness credibility at trial. Plaintiff MNW responds that Defendant Flash failed to have new counsel appear before the deadline passed and that Defendant Flash has shown neither good cause nor quick action. Plaintiff MNW does not take issue with Defendant Flash's argument regarding a meritorious defense.

Defendant Flash has shown good cause for the tardiness of its new counsel's appearance in this action. It has submitted evidence showing it did not know of the deadline to retain counsel until one day before the deadline passed. The record before the Court does not show that Defendant Flash willfully ignored pending litigation. Rather, it appears that inadvertence, a lack of communication or a miscommunication with its earlier counsel, a misunderstanding, or some combination of these led to the failure to have new counsel timely appear. Defendant Flash has also shown that it took quick action to correct the default. Within three weeks of the default being entered, new counsel appeared for Defendant Flash, and the Defendant filed its Motion for Relief from Entry of Default. Counsel for the Defendant took this quick action in a case that cannot fairly be described as a simple, undeveloped piece of litigation. Thus, in a few short days, new counsel had to enter into a retention agreement, come up to speed on a case involve multiple parties asserting claims, counterclaims, and crossclaims that survived summary judgment, and prepare documents (including affidavits) for filing. Furthermore, Defendant Flash has shown a meritorious defense to the Amended Complaint. Not only has Defendant Flash answered Plaintiff MNW's Amended Complaint, it has also asserted counterclaims, and Judge Lozano's denial of the parties'

5

summary judgment motions demonstrates that the parties have presented claims and issues to be tried.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Flash's Motion for Relief from Entry of Default [ECF No. 161] and DENIES AS MOOT Plaintiff MNW's Request for a Hearing on Defendant Flash's Motion for Relief from Entry of Default [ECF No. 164]. The Court SETS this matter for a status and scheduling conference on Thursday, July 7, 2011, at 1:30 p.m. (E.S.T.).

SO ORDERED on June 30, 2011.

                                  s/ Theresa L. Springmann
                                  THERESA L. SPRINGMANN
                                  UNITED STATES DISTRICT COURT